UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Curtis Turner,                                                                 Case No. 3:13-cv-1691

          Plaintiff,

    v.                                                                              ORDER

Cloverleaf Cold Storage Co.,

          Defendant.

On December 8, 2014, I granted summary judgment to Cloverleaf Cold Storage Co. (Doc.

Nos. 45, 46).  As a result of my decision, Cloverleaf has moved for the taxation of costs in the sum

of $1,559.30 pursuant to Federal Rule of Civil Procedure 54(d)(1) (Doc. No. 47).  Curtis Turner has

filed a response (Doc. No. 48), and Cloverleaf has filed a reply (Doc. No. 50).

Rule 54(d)(1) provides "[u]nless a federal statute, these rules, or a court order provides

otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  Fed. R.

Civ. P. 54(d)(1).  The costs courts may tax under this rule are "confined to the costs itemized in 28

U.S.C. § 1920."  *In re Cardizem CD Antitrust Litig.*, 481 F.3d 355, 359 (6th Cir. 2007) (citing *Crawford*

*Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)).  Under Rule 54, courts have the discretion

to decline requests for costs, but they do not have discretion to award costs § 1920 does not

specifically enumerate.  *Cardizem*, 481 F.3d at 359; *see Crawford Fitting*, 482 U.S. at 441–42.

Section 1920 defines costs as:  (1) fees for the clerk and marshal; (2) fees for transcripts; (3)

fees for printing and witnesses; (4) fees for necessary copies; (5) docket fees; and (6) compensation

of court appointed experts and interpreters.  28 U.S.C. § 1920(1)–(6).

Cloverleaf seeks reimbursement for the expense of a court reporter and transcript costs which total $1,559.30.  Mr. Turner does not contest the appropriateness or amount of the request. Rather, Mr. Turner argues Cloverleaf is not entitled to costs because this was a close and difficult case (Doc. No. 48, p. 2).

In *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986), the court stated:

> In an early analysis of Rule 54(d), this court stated that the rule was "intended to take care of a situation where, although a litigant was the successful party, it would be inequitable under all the circumstances in the case to put the burden of costs upon the losing party."  We have described several circumstances in which a denial of costs is a proper exercise of discretion under the rule.  Such circumstances include cases where taxable expenditures by the prevailing party are "unnecessary or unreasonably large", cases where the prevailing party should be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues, cases where the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant, and cases that are "close and difficult".

(citations omitted).

This is not a close or difficult case because in my prior opinion, I found Mr. Turner had not established an adverse employment action, or even a prima facie case of race discrimination or retaliation.  (Doc. No. 45, pp. 4–6).  Therefore, the "close and difficult" case exception discussed in *White & White* is not applicable.

Accordingly, I grant Cloverleaf Cold Storage Co.'s motion for costs in the sum of $1,559.30.

So Ordered.

>    s/ *Jeffrey J. Helmick*
> United States District Judge